# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK
MATTHEW MERTENS, LAW CLERK

March 14, 2014

Michael R. Fuller
OlsenDaines, PC
US Bancorp Tower
111 SW 5th Ave, 31st Fl
Portland OR 97204

Pilar C. French
Lane Powell PC
601 SW 2nd Ave #2100
Portland OR 97204

    Re: <u>Espinosa v. Wells Fargo Bank, N.A.</u>, Adv. Pro. 13-03295

        Letter Ruling on Wells Fargo's January 10, 2014, Motion to Approve Form of Judgment

Dear Counsel:

    Before the court is a motion by defendant Wells Fargo to approve its form of judgment (the "Motion"), which it asserts is based on plaintiff's acceptance of an offer of judgment. The underlying facts relate to defendant's postpetition failure to promptly refund the money that was set off against plaintiff's overdrawn checking account. Plaintiff first filed a motion for contempt in the main bankruptcy case, seeking damages and declaratory relief for defendant's alleged violation of the automatic stay and of the discharge injunction. Plaintiff then filed an adversary proceeding alleging violation of the stay and seeking damages.

    Defendant made an offer of judgment to plaintiff on December 23, 2013. At the hearing on the Motion, both parties agreed that plaintiff has accepted the offer of judgment. However, they disagree as to the terms of the judgment. Defendant says that the offer includes all issues relating to both the contempt motion and the adversary proceeding. Plaintiff says the offer includes the damages for contempt, and all issues relating to the adversary proceeding, but it does not include the declaratory judgment in the main case that defendant violated the stay or the discharge injunction. The issue is the interpretation of the terms of the agreement.

Michael Fuller
Pilar French
Page 2
March 14, 2014

DISCUSSION

Federal Rule of Civil Procedure 68, which relates to offers of judgment, applies in adversary proceedings. Fed. R. Bankr. P. 7068. It does not apply in contested matters unless the court directs. Fed. R. Bankr. P. 9014(c). There is no court order applying Rule 68 to contested matters in this case.

The "usual rules of contract construction" apply to a Rule 68 offer of judgment. Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997). State law applies to the interpretation of contracts generally, even if the underlying cause of action is federal. United Commercial Insur. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Oregon subscribes to the objective theory of contracts. Dalton v. Robert Jahn Corp., 209 Or. App. 120, 132, (2006).

The process for ascertaining the intent of the parties regarding a disputed term or provision involves three steps. Yogman v. Parrott, 325 Or. 358, 361 (1997). First, the court examines the text of the disputed provision, in the context of the document as a whole, and determines whether an ambiguity exists. Id. If there is an ambiguity, the second step is to resolve the ambiguity through properly admitted extrinsic evidence of the parties' intent. Id. at 363-364. If the ambiguity cannot be resolved from the evidence presented, the court will resort to "appropriate maxims of construction" to resolve the ambiguity. Id. at 364.

Turning to the first step of the Yogman analysis, I find that an ambiguity exists as to the scope of the offer of judgment. A term or clause is ambiguous if, in context, it can reasonably be given more than one possible meaning. Pacific First Bank v. New Morgan Park Corp., 319 Or. 342, 347-348 (1994).

Defendant's offer of judgment is ambiguous because, in context, its scope can reasonably be given more than one possible meaning. On the one hand, language in the offer of judgment supports defendant's contention that the offer extended to all claims arising out of the adversary proceeding and the contested matter, including plaintiff's declaratory judgment claims. The offer of judgment said that defendant "absolutely denies any liability to debtor." Decl. of Brian T. Kiolbasa, Ex. 2 at 1, ECF No. 23. It said that this denial of liability "extends to . . . the claims raised by debtor in his Adversary Proceeding **and** in his Motion for Contempt filed in his bankruptcy case." Id. (emphasis added). Debtor raised the declaratory judgment claims

Michael Fuller
Pilar French
Page 3
March 14, 2014

in his Motion for Contempt, so it appears that Wells Fargo meant for these claims to come within the scope of the offer of judgment. The offer of judgment said that it was made "for purposes of resolving this dispute and avoiding further escalation of attorney fees and costs." Id. Allowing litigation to continue on the declaratory judgment claims would contradict the reference in the offer of judgment to the contempt motion, as well as the offer's stated purpose of avoiding further escalation of attorney fees and costs.

On the other hand, language in the offer of judgment also supports plaintiff's contention that his declaratory judgment claims were excluded from the scope of the settlement. Notably, defendant said that its offer of judgment was made "pursuant to Rule 68 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7068." Decl. of Brian T. Kiolbasa, Ex. 2 at 1-2. Defendant concluded the offer of judgment by saying the offer was "consistent with [defendant's] rights under Rule 68." Id. at 2. A Rule 68 offer of judgment only applies to contested matters if there is a court order so directing. There is no such order in this case, so it was reasonable for plaintiff to think that the declaratory judgment claims arising out of his contempt motion were not part of the settlement agreement.

Furthermore, the case caption on this first page of the offer of judgment is ambiguous because it does not make separate reference to the main bankruptcy case. There are at least two ways that defendant could have made the caption clearer to better indicate its intent to settle the contested matter. First, it could have put two captions on the offer: one that solely referenced the main case and one that referenced the adversary proceeding. Second, defendant could have made two offers of judgment, with the caption of one referencing the main case and the caption of the other referencing the adversary proceeding. I agree with plaintiff that the caption of the offer of judgment does not appear to include the contested matter.

Reasonable people can and have differed in this case over the meaning of this offer of judgment. Thus, I find that it is ambiguous.

The second step of the Yogman analysis requires me to attempt to resolve the ambiguity through extrinsic evidence of the intent of the parties. However, in this case, the extrinsic evidence is unhelpful because it simply reinforces the parties' differing understandings of the offer of judgment.

Mr. Fuller's e-mail to Mr. Kiolbasa on December 23, 2013, is consistent with plaintiff's current position that the declaratory judgment claims are excluded from the offer of judgment. In that e-mail, Mr. Fuller said, "We have a deal . . . [plaintiff] will continue to pursue declaratory relief in his contempt motion but will withdraw all requests for damages." Decl. of Brian Kiolbasa, Ex. 3 at 1. Then, in a subsequent e-mail on December 27, 2013, Ms. French told Mr. Fuller that her understanding of the offer of judgment was that it resolved all the claims from both proceedings. Debtor's Resp. in Opp. to Wells Fargo's Motion to Approve Judgment, Ex. 9 at 14, ECF No. 31.

There is no course of performance between the parties, nor is there any other extrinsic evidence that might clarify the ambiguity. As such, I proceed to the third step of Yogman, which requires me to use appropriate maxims of contract construction to resolve the ambiguity.

If the terms of an offer can reasonably, in context, be given more than one meaning, Oregon courts resort to the maxim of construing the ambiguity against the drafter. State ex rel. Dep't of Transp. v. Delta Inn, Inc., 168 Or. App. 50, 59 (2000). Defendant drafted the offer of judgment, so I will resolve the ambiguity of the offer against it.

## CONCLUSION

Defendant's offer of judgment does not extend to the declaratory judgment claims in the contested matter. Making the offer pursuant to Rule 68 and using an offer caption that did not separately reference the main bankruptcy case created an ambiguity as to whether defendant intended to also settle the claims arising from the contempt motion. Because defendant drafted the contract, Oregon law requires me to resolve the ambiguity against defendant.

I hold that the declaratory judgment claims arising from the contempt motion were not settled by plaintiff's acceptance of the offer of judgment. However, in so holding, I do not express an opinion as to whether it is appropriate to proceed forward on these claims in the absence of any claim for damages. This issue was not before the court, so I am not ruling on it now.

Mr. Fuller, you may submit a judgment consistent with this ruling.

Michael Fuller
Pilar French
Page 5
March 14, 2014

Very truly yours,

Elizabeth L. Perris
U.S. Bankruptcy Judge

cc: Michael Fuller
    Pilar French
    All ECF filers